UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN NEIL JENKINS, | ) |
| Petitioner, | ) 3:03-cv-0596-KJD-VPC |
| vs. | ) |
| | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
| Respondents. | ) |

In this habeas corpus action, on March 29, 2007, the Court entered an order (docket #34) denying the habeas petition. Judgment was entered in favor of respondents on the same day (docket #35).

Petitioner, a Nevada prisoner represented by appointed counsel, filed a timely Notice of Appeal (docket #36), and an Application for Certificate of Appealability (docket #37). Respondents filed a response to the Application for Certificate of Appealability (docket #38). Petitioner did not reply.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

1  district court's assessment of the constitutional claims debatable or wrong.
   The issue becomes somewhat more complicated where, as here, the district
2  court dismisses the petition based on procedural grounds.  We hold as follows:
   When the district court denies a habeas petition on procedural grounds
3  without reaching the prisoner's underlying constitutional claim, a COA should
   issue when the prisoner shows, at least, that jurists of reason would find it
4  debatable whether the petition states a valid claim of the denial of a
   constitutional right and that jurists of reason would find it debatable whether
5  the district court was correct in its procedural ruling.

6  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79

7  (9th Cir. 2000).  The Supreme Court further illuminated the standard for issuance of a certificate of

8  appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  In that case, the Court stated:

9  We do not require petitioner to prove, before the issuance of a COA,
   that some jurists would grant the petition for habeas corpus. Indeed, a
10  claim can be debatable even though every jurist of reason might agree,
    after the COA has been granted and the case has received full
11  consideration, that petitioner will not prevail.

12 *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

13          First, petitioner seeks a certificate of appealability (COA) with respect to the Court's

14 ruling, in an order entered March 29, 2005 (docket #19), that Ground 1 of his petition was

15 procedurally defaulted, and that there was no showing of cause and prejudice to overcome the

16 procedural default.  The Court finds that issuance of a COA is not warranted on this claim.

17 Petitioner has made no colorable argument that the Court's procedural default rulings were

18 erroneous.

19          Second, petitioner seeks a COA with respect to the Court's denial of habeas corpus

20 relief on his claims of ineffective assistance of counsel.  Here again, the Court finds issuance of a

21 COA to be unwarranted.  Counsel has not made a showing that reasonable jurists could debate this

22 Court's ruling that the Nevada courts reasonably denied petitioner's claims of ineffective assistance

23 of counsel.

24 ///

25 ///

26 ///

**IT IS THEREFORE ORDERED** that petitioner's Application for Certificate of Appealability (docket #37) is **DENIED**. The Court declines to issue petitioner a Certificate of Appealability.

**IT IS FURTHER ORDERED** that the Clerk shall process petitioner's appeal.

DATED: February 29, 2008.

_____
UNITED STATES DISTRICT JUDGE